DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:17-cr-0023 |
| ) | |
| BETEL AUGUSTO ROSARIO PAULINO, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**APPEARANCES:**

**Delia L. Smith, United States Attorney**
**Meredith Jean Edwards, AUSA**
United States Attorney's Office
St. Thomas, U.S. Virgin Islands
　　*For the United States of America,*

**Lorenzo Palomares Starbuck**
Palomares Starbuck and Associates
Miami, Florida
　　*For Defendant Rosario Paulino.*

## MEMORANDUM OPINION

**MOLLOY, Chief Judge**

　　**BEFORE THE COURT** are Betel Augusto Rosario Paulino's ("Rosario Paulino") motion to amend the pending motion to vacate under 28 U.S.C. § 2255 petition, filed *pro se* at ECF No. 374, and his amended petition under 28 U.S.C. § 2255, filed through counsel, ECF No. 377. The United States (the "Government") filed an opposition to the amended petition on November 23, 2021. (ECF No. 385). For the reasons stated below, the Court will grant Rosario Paulino's motion to amend and will deny his amended petition to vacate sentence under 28 U.S.C. § 2255.

### I. FACTUAL AND PROCEDURAL BACKGROUND

　　On March 25, 2017, Rosario Paulino and several co-conspirators agreed to rob the McDonald's at Lockhart Gardens, on St. Thomas, U.S. Virgin Islands. One of the co-conspirators picked up Rosario Paulino and drove him, along with three co-conspirators,

three guns, and masks, to McDonalds. After exiting the vehicle, Rosario Paulino entered the McDonald's with a backpack and approached the service counter where video footage shows him interacting with staff. He left shortly after without purchasing food. Moments after exiting McDonald's, three masked co-conspirators entered the restaurant with guns.

The co-conspirators then ordered the employees of McDonald's to the floor and demanded money from the safe and the registers, at gunpoint. The manager of McDonald's gave the co-conspirators approximately $3,104.00 in cash. Video footage of the robbery shows the co-conspirators leaving with the money or putting it in their pants pockets.

During the robbery, one of the co-conspirators fired a shot at the video surveillance equipment, and twice McDonald's employees were used as human shields in their attempt to escape the business. On one such occasion, as the robbers were attempting to leave the business, they saw police officers outside. One co-conspirator then attempted to flee while the other two retreated back inside. Taking one of the employees as a hostage to use as a human shield, one of the co-conspirators held a gun to the neck of the employee and walked her to the door with the other robber behind, carrying a shotgun. Once at the door, the employee was able to escape, and the police fired shots at the robbers. They again retreated back into McDonald's. When one of the robbers dropped the shotgun, the other picked it up, put it to his own head, and committed suicide. The other robber subsequently surrendered. Upon arrival of the police on the scene, Rosario Paulino and the co-conspirators he was traveling with fled the area on foot.

On April 6, 2017, Virgin Islands Police Department ("VIPD") detectives interviewed Rosario Paulino, who admitted to orchestrating the March 25, 2017 robbery, conducting surveillance of the business, and providing the three co-conspirators who robbed McDonald's with masks to execute the robbery. Moreover, Rosario Paulino signed a still photograph taken from the video footage of the robbery, in acknowledgment that it was him at the counter, just prior to the robbery. One of the robbers recruited for the robbery was a sixteen-year-old minor.

On May 18, 2017, a federal grand jury in the U.S. Virgin Islands returned an eight-count indictment charging Rosario Paulino and his co-conspirators with committing Hobbs

Act Robbery[1] (Count One), in violation of 18 U.S.C. §§ 1951(a) and 2; Conspiracy to Commit Hobbs Act Robbery (Count Two), in violation of 18 U.S.C. § 1951(a); Possession of a Firearm in Furtherance of a Crime of Violence (Count Three), in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), (iii) and 2; as well as a host of other firearms, robbery, and conspiracy charges. (ECF No. 70.) Count Three of the Indictment specifically alleged that:

> Betel Augusto Rosario Paulino . . . did knowingly use and carry, the following firearms . . . during and in relation to a crime of violence for which the defendants may be prosecuted in a court of the United States, that is, Hobbs Act Robbery under Title 18 United States Code, Section 1951 as charged in Count One, and Conspiracy to Commit Hobbs Act Robbery under Title 18, United States Code, Section 1951(a), as charged in Count Two of this Indictment, and brandished and discharged one or more of those firearms, and did aid and abet the same.

ECF No. 70 at 4.

On July 27, 2017, the Court accepted Rosario Paulino's guilty plea to Counts Two and Three of the Indictment, pursuant to a written plea agreement, which stated the following: "Defendant also acknowledges that the [G]overnment can prove the following essential elements of Count Three [in violation of 924(c)]: 1. The [D]efendant committed a Hobbs Act Robbery; and 2. The [D]efendant knowingly, aided and abetted, the discharge of a firearm in furtherance of this crime, Hobbs Act Robbery." (ECF No. 213 at 3.) It further stated that, in signing the agreement:

> [Rosario Paulino] expressly waive[d] the right to petition under Title 28, United States Code, Section 2255, with the exception of the claim of ineffective assistance of counsel. The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

*Id.* at 7.

On February 8, 2018, the Court sentenced Rosario Paulino to a term of imprisonment of ninety (90) months as to Count Two and eighty-four (84) months as to Count Three, to be

---

[1] The McDonald's located at Lockhart Gardens is franchised by Arcos Dorados Holdings, based in Argentina. As such, it is a business involved in interstate commerce, an element of Hobbs Act robbery.

served consecutively, per statute.[2] The term of incarceration was to be followed by three years of supervised release ("SR") on Count Two and five years of SR on Count Three, to be served concurrently. (*See* ECF No. 334.)

Rosario Paulino appealed on February 21, 2018. (ECF No. 324.) The Court of Appeals for the Third Circuit ("Third Circuit") granted the Government's motion for summary affirmance, enforcing the appellate waiver in the plea agreement. *See United States v. Paulino,* Case No. 18-1353 (3d Cir. filed July 21, 2018).

Thereafter, Rosario Paulino filed a *pro se* motion to vacate sentence pursuant to 28 U.S.C. § 2255, on March 18, 2019.[3] (ECF No. 345.) In his petition, Rosario Paulino argued that he received ineffective assistance because counsel: 1) did not convey the consequences of pleading guilty; and 2) failed to preserve issues for appeal. He also challenged his conviction and sentence on Count Three. Rosario Paulino argued that *Johnson v. United States*, 576 U.S. 591 (2015), *Welch v. United States*, 136 S. Ct. 1257 (2016), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), were not ruled on until after he was sentenced and that 18 U.S.C. § 924(c) is "no longer valid after *Johnson*," *id.* at 9, so Count Three should thereby be dismissed, *id.* at 13. He asked that he "be released pending sentencing" and that the Court allow his petition to proceed. *Id.* The Government opposed on November 26, 2019,[4] arguing that "*Johnson* addressed a vagueness challenge to the constitutionality of a residual clause under a different part of section 924, the Armed Career Criminal Act (the "ACCA")—18 U.S.C. § 924(e)—and therefore has no applicability to Rosario Paulino's conviction and sentence under section 924(c). (ECF No. 357 at 4.).

Magistrate Judge Miller issued a Report and Recommendation on February 11, 2020, recommending that the Court deny Rosario Paulino's petition. (ECF No. 358.) The Magistrate

---

[2] "Notwithstanding any other provision of law — . . . no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence . . . during which the firearm was used, carried, or possessed." 18 U.S.C. § 924(c)(1)(D)(ii)

[3] The original motion to vacate sentence was filed with the Court prior to the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (decided June 24, 2019).

[4] The Government's opposition to the original motion to vacate sentence was filed with the Court after the Supreme Court's decision in *Davis*.

Judge found that Rosario Paulino "cannot show that he was prejudiced by Attorney Sanchez-Mercado's advice—or lack thereof—in connection with entering into the plea agreement and changing his plea. *Id.* at 7. Likewise, the Magistrate Judge found that Rosario Paulino "knowingly and voluntarily acknowledged the terms [of incarceration] could not run concurrently, and he waived the right to directly appeal his sentence or to collaterally attack it based on grounds other than the ineffective assistance of counsel." *Id.* at 10. As to his conviction under section 924(c), the Magistrate Judge noted that none of the cases Rosario Paulino cited in favor of vacatur specifically addressed the constitutionality of section 924(c). Further, because Rosario Paulino admitted to conspiring to commit Hobbs Act robbery and to having discharged a firearm in furtherance thereof, "his conviction under § 924(c) was appropriate." *Id.* at 13. The Magistrate Judge's report recommended that Rosario Paulino's motion to vacate and correct sentence under 28 U.S.C. § 2255 be denied without an evidentiary hearing and that a certificate of appealability also be denied. *Id.* at 14. Rosario Paulino did not file an objection to the R&R within fourteen (14) days, nor thereafter.

On March 31, 2021, Rosario Paulino filed a *pro se* motion with the Third Circuit for authorization to file a second or successive petition under 28 U.S.C. § 2255 and to be relieved from the filing requirements of Local Appellate Rule 22.5. *See* ECF No. 374. The Government did not oppose. By order of May 6, 2021, filed on June 11, 2021, the Third Circuit granted leave for Rosario Paulino to be relieved from said filing requirements but denied permission to file a successive petition under section 2255 as unnecessary because his first petition was still pending with the Court. (ECF No. 373.) The Third Circuit, while "express[ing] no opinion on the merits of the motion to amend," further directed the clerk to transfer Rosario Paulino's petition to the District Court of the Virgin Islands "to be treated as a motion to amend his pending section 2255 motion in Case No. 3:17-cr-00023, with a filing date of March 31, 2021." (ECF No. 373 at 1.) Accordingly, the Court construes Rosario Paulino's *pro se* motion as a motion to amend his pending habeas petition. (ECF No. 374.)

On May 11, 2021, Rosario Paulino filed a letter with the Court stating that he "just found out [that he] won [his] motion in the Court of Appeals and will be getting

resentenced."⁵ (ECF No. 369 at 1.) In his letter, he requested the appointment of Attorney Lorenzo J. Palomares to represent him at his resentencing hearing. *Id.* On July 2, 2021, the Court expanded Attorney Palomares' court-appointed representation to include representation of Rosario Paulino in his habeas petition. (ECF No. 372.)

On July 21, 2021, Counsel for Rosario Paulino filed an amended petition under section 2255, which the Court construes as the operative petition in this matter. (ECF No. 377 at 6.) In the amended petition, Rosario Paulino states that the "instant petition rests solely on the unconstitutionality of the application of the residual clause in 18 U.S.C. § 924 as against the appearing defendant." *Id.* ¶ 14. More specifically, Rosario Paulino argues that, in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), the Court must set aside his conviction under section 924(c) as unconstitutional because "Congress has not defined a crime of violence." (ECF No. 377 at 14.) The Government filed a memorandum in opposition to the amended motion on November 23, 2021. (ECF No. 385.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a prisoner in federal custody claiming that the imposition of his sentence violated the Constitution or laws of the United States . . . or is otherwise subject to collateral attack, may petition the sentencing court to vacate, set aside, or correct his sentence. 28 U.S.C. § 2255(a). To succeed in a motion under section 2255, a prisoner must allege a jurisdictional or constitutional error or a "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783 (1979).

Unless the motion and record clearly establish that the prisoner "is entitled to *no* relief," the court must grant a prompt hearing to make findings of fact and conclusions of law in the matter. 28 U.S.C. § 2255(b) (emphasis added). Where the court finds that a sentence was unlawfully imposed or is otherwise vulnerable to collateral attack, the court must vacate the judgment and discharge or resentence the prisoner to correct the sentence as appropriate. 28 U.S.C. § 2255(b).

---

⁵ The Third Circuit did not file a mandate or other order granting a petition for resentencing.

*United States v. Rosario Paulino*
Case No.: 3:17-cr-0023
Memorandum Opinion
Page **7** of **12**

## III.  DISCUSSION

### A.  No Evidentiary Hearing is Necessary in this Matter

A district court need not hold an evidentiary hearing on a motion to vacate where the record conclusively establishes that the defendant is not entitled to relief. 28 U.S.C. § 2255(b); *Gov't of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985) ("A section 2255 motion is addressed to the discretion of the trial judge in the first instance, and where the record affirmatively indicates that the claim for relief is without merit, a refusal to hold a hearing will not be deemed an abuse of such discretion.") (quoting *Page v. United States*, 462 F.2d 932 933 (3d Cir. 1972); *see also U.S. v. Tuyen Quang Pham*, 587 F. App'x 6, 8 (3d Cir. 2014) (explaining that a district court is required to hold an evidentiary hearing unless the record and motion to vacate "show conclusively that the movant is not entitled to relief"); *Judge v. U.S.*, 119 F. Supp. 3d 270, 280 (D.N.J. 2015) ("Where the record . . . conclusively negates the factual predicates asserted by the petitioner or indicate[s] that petitioner is not entitled to relief as a matter of law, no hearing is required."). Because the Court concludes that Rosario Paulino's claim based on *Davis* is without merit, no evidentiary hearing is necessary in this matter.

### B.  18 U.S.C. § 924(c) and Conspiracy to Commit Hobbs Act Robbery

In a series of cases, the U.S. Supreme Court held the statutory definitions of "crime of violence" to be unconstitutionally vague as defined by the residual clauses of the ACCA, under 18 U.S.C. § 924(e), in *Johnson*, 576 U.S. 591; 18 U.S.C. § 16, in *Dimaya*, 138 S. Ct. 1204; and 18 U.S.C. § 924(c), in *Davis*, 139 S. Ct. 2319. Specifically, in *Davis*, the Supreme Court held unconstitutional the residual clause in subsection (B) of 18 U.S.C. § 924(c)(3), which provides:

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).[6] Procedural Due Process prohibits the enforcement of vague laws because such laws preclude notice of what the law demands of individuals. *Davis*, 139 S. Ct. at 2325. Consequently, convictions under section 924(c) that are predicated on offenses that rely on the residual clause to define "crime of violence" under subsection (B), are unconstitutional and must be vacated.

The Third Circuit and a number of other Circuit Courts of Appeal have implicitly or explicitly held that *Davis* presented a new rule of constitutional law that is made retroactive to cases on collateral review. *See In re Matthews*, 934 F.3d 296, 298 n.2 (3d Cir. 2019); *United States v. Reece*, 938 F.3d 630, 635 (5th Cir. 2019); *United States v. Bowen*, 936 F.3d 1091, 1098 (10th Cir. 2019); *In re Hammond*, 931 F. 3d 1032, 1039 (11th Cir. 2019). As such, those courts of appeals have authorized movants to pursue claims under *Davis* in second or successive section 2255 petitions.

"Whether a particular offense is a crime of violence is a question of law for the court to resolve." *United States v. Buck*, 847 F.3d 267, 274 (5th Cir. 2017) (citing *United States v. Credit*, 95 F.3d 362, 364 (5th Cir. 1996)). The majority of circuit courts of appeals that have ruled on this issue have held that conspiracy to commit Hobbs Act robbery is reliant on the unconstitutionally vague residual clause, rather than the elements clause.[7] *E.g. United States v. Barrett* 937 F.3d 126, 127, 130 (2d Cir. 2019); *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019); *United States v. Davis*, 903 F.3d 483 (5th Cir. 2018), *Brown v. United States*, 942 F.3d 1069, 1075 (11th Cir. 2019). As a result, a conviction under section 924(c) based solely on a predicate crime of conspiracy to commit Hobbs Act robbery cannot stand. *Martinez v. United States*, No. 3:17-R-26, U.S. Dist. LEXIS 13993, at *13 (M.D. Pa. Jan. 26, 2021) (upholding the defendant's conviction under section 924(c) because one of the two predicate offenses

---

[6] Section 924(c)(3) defines "crime of violence" in two subparts: the elements, or force, clause, subsection (A), and the residual clause, subsection (B).

[7] The Third Circuit has not held whether conspiracy to commit Hobbs Act robbery is a crime of violence. In *United States v. Walker*, 990 F.3d 316 (3d Cir. 2021), the Third Circuit held that *attempted* Hobbs Act robbery is a crime of violence but did not extend that holding to encompass the inchoate crime of conspiracy. 990 F.3d at 323 n.10 ("Because the jury instructions make clear that the predicate crime for Walker's § 924(c) conviction was attempted Hobbs Act robbery . . . , we do not need to consider whether conspiracy to commit Hobbs Act robbery is categorically a crime of violence under § 924(c).")

was valid under the elements clause of section 924(c)(3)(A)); *Higa v United States*, 413 F. Supp. 3d 1012 (D. Haw. Aug. 19, 2019) (finding that the predicate crime for the defendant's conviction under section 924(c) was not the predicate crime to which he pled—conspiracy to commit Hobbs Act robbery—but instead was the alternative predicate offense which was dismissed under the plea agreement—the commission of a Hobbs Act robbery—because the defendant admitted to committing Hobbs Act robbery in the plea agreement and in his verbal admissions during the change of plea hearing). Courts look to the record to determine the predicate crime for a conviction under section 924(c). *Fitch v. United States*, No. 19-17945 (MAS) 2021 U.S. Dist. LEXIS 174809 (D.N.J. Sept. 14, 2021) at *5-6 ("In this matter, Petitioner mistakenly believes that his § 924(c) convictions are dependent upon his conviction for conspiracy to commit Hobbs Act armed robbery. They are not. As Petitioner's presentence report and judgment both make abundantly clear, Petitioner's three § 924(c) convictions each arise from one of the numerous substantive Hobbs Act armed robbery charges for which Petitioner was convicted."); *United States v. Butler*, No. 1:06-CR-220, 2021 U.S. Dist. LEXIS 93797 (M.D. Pa. May 18, 2021) (looking to the plea colloquy and the defendant's agreement with the account of the crime as stated by the government, the court found that the completed Hobbs Act robbery was the proper predicate offense for the section 924(c) conviction, even though the defendant was not charged with Hobbs Act robbery itself).

In the instant case, the amended petition under section 2255 rests entirely on the Supreme Court's holding that the residual clause of 18 U.S.C. § 924(c) is unconstitutionally vague.[8] (ECF No. 377 ¶ 14.) Rosario Paulino argues that "[t]he sentence of the court relied

---

[8] Despite Rosario Paulino's assertion that his amended petition rests solely on the unconstitutionality of the residual clause of section 924(c)(3), he also briefly addresses "[t]he possession in furtherance element of the offense," which is inapposite to the argument of the constitutionality of the residual clause under *Davis*. Rosario Paulino asserts that his count of conviction under section 924(c) "charges actual possession [of a firearm] in furtherance of a crime of violence," (ECF No. 377 ¶ 19), and that the "statement of guilt" in the plea agreement—that "the defendant knowingly, aided and abetted, the discharge of a firearm in the furtherance of this crime of violence," *id.*—"runs against the Government's state[d] version of the facts" in the plea colloquy. *Id.* The Court does not address this assertion as unsupported by legal authority. *See Soto v. United States*, Civil Action No. 04-2108 (JAG), 2005 U.S. Dist. LEXIS 28162, at *19-20 (D.N.J. Nov. 15, 2005) ("Basic fairness requires that an opposing party have a fair notice of his adversary's claims, as well as an opportunity to address those claims. This Court need not address the merits of . . . unsupported claims like the instant one."); *see also United States v. Lanzotti*, 205 F.3d 951, 957 (7th Cir. 2000) ("[A]rguments that are unsupported by pertinent authority[ ] are waived (even where those arguments raise constitutional issues).").

squarely on the residual clause of [ ] 28 U.S.C. § 924(c)." *Id.* at 13 ¶ 28. He further argues that, as a result, Rosario Paulino's "sentence must be modified to satisfy the unconstitutionality of the sentence [ ] for the firearm enhancement during a crime of violence." *Id.* ¶ 29.

The Government contends that "courts have repeatedly determined that if a 924(c) charge as contained in an indictment is based on multiple predicates . . . the defendant's conviction will be upheld if the defendant pleaded guilty and the record establishes that the defendant used the firearm in connection with a valid predicate." (ECF No. 385 at 5.) In support of this contention, the Government refers to the language of the Indictment, which states the following:

> On or about March 25, 2017, at St. Thomas, in the District of the Virgin Islands, defendant[ ] Betel Augusto Rosario Paulino . . . did knowingly use and carry, the following firearms . . . during and in relation to a crime of violence for which the defendant[ ] may be prosecuted in a court of the United States, that is, *Hobbs Act Robbery* under Title 18, United States Code, Section 1951 as charged in Count One, *and Conspiracy to Commit Hobbs Act Robbery* under Title 18, United States Code, Section 1951(a), as charged in Count Two of this Indictment, and brandished and discharged one or more of those firearms, and did aid and abet the same.

(ECF No. 70 at 1 (emphasis added).) The Government further cites the plea agreement, in which Rosario Paulino agreed that he committed a Hobbs Act robbery, providing in relevant part:

> Defendant acknowledges that the government can prove the following essential elements of Count Three [Possession of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c)]:
> 1. The defendant committed a Hobbs Act Robbery; and
> 2. The defendant knowingly, aided and abetted, the discharge of a firearm in furtherance of this crime, Hobbs Act Robbery.

(ECF No. 213 at 3.) Moreover, the Government references the plea colloquy in which the Rosario Paulino affirmed his guilt to both Hobbs Act Robbery and Conspiracy to Commit Hobbs Act Robbery:

> **The Court:** Count 3 charges on or about March 25, 2017, at St. Thomas, in the District of the Virgin Islands, the defendant Betel Augusto Rosario Paulino . . . did knowingly use and carry the following firearms: Jennings Model J-22, 22 caliber pistol; Remington Model 870, 12-guage shotgun; Smith & Wesson, Model 36, 38-caliber pistol during and in relation to a crime of violence for

>which the defendant may be prosecuted in a court of the United States, that is, Hobbs Act Robbery under Title 18, United States Code, Section 1951. And Conspiracy to Commit Hobbs Act Robbery under Title 18, United States Code, Section 1951[(a). And brandished and discharged one or more of those firearms and did aid and abet the same. Betel Augusto Rosario Paulino how do you plead to Count 3 of the Indictment, guilty or not guilty?
>
>**Defendant:** Guilty.

Tr. of Change of Plea Hearing (July 27, 2017) at 11:18—12:6, ECF No. 335.

Rosario Paulino is correct that a conviction under section 924(c) that is predicated on Conspiracy to Commit Hobbs Act robbery, under section 1951(a), must be vacated after *Davis*. The Court agrees with the Government, however, that Rosario-Paulino's conviction under section 924(c) is not predicated solely on his conviction under section 1951(a), which is dependent on the unconstitutional residual clause. Indeed, the Court agrees that the count of conviction under section 924(c) has two alternative predicate crimes as specified in the Indictment: both the count 1 charge of Hobbs Act Robbery, in violation of section 1951—to which Rosario Paulino did not plea—and the count 2 charge of Conspiracy to Commit Hobbs Act Robbery—to which he pled guilty. Because the former charge is reliant on the elements clause in section 924(c), which remains constitutionally valid following the Supreme Court holding in *Davis*, the predicate crime of Hobbs Act Robbery is sufficient to maintain the validity of the conviction under section 924(c). *See Higa*, 413 F. Supp. 3d at 1018 ("[T]he Court cannot disregard what the Indictment charged, nor can it disregard the facts to which [the defendant] has admitted, demonstrating his commission of a Hobbs Act Robbery. There is therefore nothing inequitable nor unfair about holding [the defendant] to the crimes to which he has confessed."). Accordingly, the conviction for Possession of a Firearm in Furtherance of a crime of Violence, in violation of section 924(c), is not void and will not be vacated.

### C. Certificate of Appealability

A district court may issue a Certificate of Appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2255(c)(2). "This standard is met only when the applicant shows that 'reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues

*United States v. Rosario Paulino*
Case No.: 3:17-cr-0023
Memorandum Opinion
Page **12** of **12**

presented were adequate to deserve encouragement to proceed further.'" *Higa*, 413 F.Supp. 3d at 1018 (quoting *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)). For the foregoing reasons, the Court finds that reasonable jurists could not find the Court's conclusions debatable. As such, the Court will deny the motion for a COA.

## IV.  CONCLUSION

For the reasons set forth above, the Court will grant Defendant Rosario Paulino's motion to amend. Looking to the amended motion to vacate sentence, the Court finds that Rosario Paulino's conviction under 18 U.S.C. § 924(c) has two alternative predicate crimes—both Hobbs Act Robbery, in violation of 18 U.S.C. § 1951, and Conspiracy to Commit Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a). Although Rosario Paulino did not plead guilty to Hobbs Act Robbery, the Court finds both predicate offenses were stated in the Indictment and that he affirmed his commission of a Hobbs Act robbery in his plea agreement and verbal responses in the plea colloquy. Accordingly, the Court concludes that the predicate offense for his conviction under section 924(c) is the completed Hobbs Act Robbery. Because "crime of violence" for a Hobbs Act robbery is defined under the elements clause of section 924(c), which remains constitutionally valid following the Supreme Court's decision in *Davis*, the Court holds that Rosario Paulino's conviction under section 924(c) is valid. Therefore, the Court will deny Rosario Paulino's amended motion to vacate. An appropriate order follows.

**Dated:** July 15, 2022                                          */s/ Robert A. Molloy*
                                                                                    **ROBERT A. MOLLOY**
                                                                                    **Chief Judge**